IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

**TRSTE, LLC, a Florida Limited Liability
Company, as TRUSTEE OF BREVARD
COUNTY MADERIA 2908 LAND TRUST,**

    Plaintiff,

vs.

**CITY OF MELBOURNE, FLORIDA,**

    Defendant.

_____/

**CASE NUMBER:
05-2022-CA-039856-XXXX**

## AMENDED COMPLAINT

**COMES NOW** Plaintiff, TRSTE, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AS TRUSTEE OF BREVARD COUNTY MADEIRA 2908 LAND TRUST ("Plaintiff"), by and through the undersigned attorney, and asks this Honorable Court to make enter judgment in favor of Plaintiff and against Defendant, CITY OF MELBOURNE, FLORIDA ("Defendant") and as grounds alleges:

### GENERAL ALLEGATIONS

1.  This is an action under Ch. 86, Fla. Stat., and 42 USC §1983 for a declaratory judgment that a municipal ordinance is in express conflict with Florida statutes and the Florida and United States Constitutions, for permanent and temporary injunctive relief related to a municipal ordinance, and for damages

exceeding thirty thousand dollars ($30,000) dollars, exclusive of interest, attorney's fees and costs.

2. Plaintiff is a Florida Limited Liability Company authorized to do business in Florida, and is the Trustee of the Brevard County Maderia 2908 Land Trust.

3. Plaintiff owned rental Property in Brevard County, more fully described as LOT 52, MONACO ESTATES PHASE ONE, ACCORDING TO THE MAP OR PLAT THEREOF, AS RECORDED IN PLAT BOOK 43, PAGE(S)58 AND 59, OF THE PUBLIC RECORDS OF BREVARD COUNTY, FLORIDA.

4. Defendant is a local government as contemplated by Sec. 57.112, Fla. Stat., and a municipality as contemplated by Sec. 180.135(1)(a), Fla. Stat., and at all times material hereto acted under color of state law.

5. Venue is proper because: 1) the Property is located in Brevard County; 2) Defendant failed to provide utility services in Brevard County; 3) Defendant is a municipality located within Brevard County; and 4) Defendant engaged in acts on Brevard County, which constitute a violation of the Florida Constitution and the Civil Rights Act of 1983.

6. On October 18, 2018, Defendant recorded a $340.67 lien on the Property in Brevard County Official Record Book 8281 and Page 2174 ("the First Lien"), a copy of which is marked "**Exhibit A**" and attached hereto.

7. On or about March 23, 2021, the Clerk of Court in Brevard County Case Number 05-2020-CC-010593, issued a Certificate of Title granting the Property to Plaintiff, a copy of which is marked "**Exhibit B**" and attached hereto..

8. Sec. 180.135(1)(a), Fla. Stat., states that "no municipality may refuse services or discontinue utility, water, or sewer services to the owner of any rental unit or to a tenant or prospective tenant of such rental unit for nonpayment of service charges incurred by a former occupant of the rental unit."

9. After Plaintiff took title to the Property for use as a rental unit, Defendant refused to provide utility, water and sewer services to Plaintiff because of the nonpayment of service charges incurred by a former occupant of the Property.

10. On December 16, 2021, Defendant recorded a $355.53 claim of lien against the Property in Brevard County Official Record Book 9359 and Page 1795, ("the Second Lien"), a copy of which is marked "**Exhibit C**" and attached hereto.

11. Defendant's refusal to provide utility services caused the Property to become uninhabitable and Plaintiffs could not use, maintain, or otherwise repair the Property without utility services.

12. On January 7, 2022, Plaintiff was required to mitigate its damages by selling the property at a substantial discount, and by paying $2,429.15 to Defendant for a release.

13. Defendant demanded money from Plaintiff, while at the same time: 1) refusing to provide utility services; 2) filing additional liens; and 3) demanding $2,429.15 for a lien release, which was far more than the amount owed on the First Lien.

14. Defendant is operating pursuant to the City Code of Melbourne, sec. 58-11 of which states that "All past due balances associated with unpaid balances for utility service in excess of $10.00 shall be paid by the customer within ten days of notification in the subsequent month utility bill as being delinquent or past due. If payment is not received by the city from the utility account within ten days of notification, the city will have the right to discontinue service without further notice. If service is discontinued, the city will not renew or resume service until all past due amounts and any security deposits as required by this chapter are paid in full by the customer. A $30.00 disconnection charge will be assessed to the utility account." ("the Ordinance").

15. The Attorney General of Florida issued an opinion stating that municipal ordinances, which allow enforcement of a lien without filing it with the

Clerk of Court are in express conflict with Ch. 718, Fla. Stat., and Secs., 28.222(3)(a), Fla. Stat., 695.01(1), Fla. Stat., and 180.135, Fla. Stat. AGO 94-57.

16. The Ordinance is in express conflict with Ch. 718, Fla. Stat., and Secs., 28.222(3)(a), Fla. Stat., and 695.01(1), Fla. Stat., because it allows Defendant to enforce a lien for unpaid utilities without first perfecting the lien by filing it with the Clerk of Court. AGO 94-57.

17. The Ordinance is in express conflict with Sec. 180.135, Fla. Stat., because it allows Defendant to refuse to provide services to the owner of a rental unit for the nonpayment of service charges incurred by a former occupant. AGO 94-57.

18. The Ordinance is in express conflict with the Florida and United States Constitutions because it allows Defendant to take an interest in Plaintiff's Property without due process.

19. More than 30 days have passed since Plaintiff advised Defendant that the Ordinance was improper and Defendant failed to repeal the Ordinance. Therefore, Defendant should be required to pay Plaintiff's attorney's fees pursuant to sec. 57.112(2), Fla. Stat.

20. All conditions precedent to this action have occurred or were waived.

21. Plaintiff incurred attorney's fees and costs and special damages resulting from Plaintiff being required to retain an attorney to attempt to remedy the damage caused by Defendant's wrongful conduct before litigation was needed.

22. Defendant's conduct constitutes a violation of Plaintiff's constitutional rights under the fourth and fourteenth amendments and 42 USC §1983. Therefore, Defendant should be required to pay Plaintiff's reasonable attorney's fees and costs pursuant to 42 USC §1988.

## COUNT I - DECLARATORY JUDGMENT - CH. 86

23. Plaintiff realleges the allegations in paragraphs 1 - 22 as though fully restated herein.

24. This is an action under Ch. 86, Fla. Stat.

25. Defendant is acting pursuant to the Ordinance, which allows Defendant to refuse to provide utility services when past due balances exist, but does not require Defendant to file a lien with the Clerk of Court.

26. Before Plaintiff purchased the Property Defendant recorded a $340.67 lien. After Plaintiff purchased the Property, Defendant refused to provide services and recorded a second lien for $355.53. Plaintiff never had an account with Defendant. Plaintiff was forced to sell the Property because it had no utility service, and Defendant demanded that Plaintiff pay $2,429.15 for a release.

27. The parties have a controversy: 1) Defendant believes that it is proper to act pursuant to the Ordinance; 2) Plaintiff believes that it has the right to due process, protection from unjust seizures, and protection under the laws that require people to file documents with the Clerk of Court for recording purposes.

28. Plaintiff asks the Court to declare that:

1. The City Code of Melbourne, sec. 58-11, is in express conflict with Florida statutes and the Florida and United States Constitutions;

2. Florida law prohibits Defendant from enforcing a lien against a property owner when the lien was not recorded with the Clerk of Court at the time of the purchase;

3. The due process clause of the Florida Constitution requires Defendant to provide Plaintiff and similarly situated people with a meaningful opportunity to be heard before a competent tribunal before Defendant may place a lien on the person's property and before Defendant may refuse to provide services, especially when a property owner never had an account with Defendant; and

4. The searches and seizures provision of the Florida Constitution prohibits Defendant from demanding more money from a property owner than is owed and prohibits recording unfounded liens.

29. There is a *bona fide*, actual, present need for a declaration as to the rights of Plaintiff and Defendant as they relate to Defendant's demand for money and refusal to provide services to Plaintiff.

30. The declaration sought deals with a present, ascertained or ascertainable state of facts, *inter alia*, Defendant's regular business practice of: 1) failing to file liens with the Clerk of Court; 2) filing liens with the Clerk of Court when the Defendant is not providing services and the property owner does not have an account; 3) refusing to provide services when amounts are owed by a prior occupant; and 4) Defendant's regular practice of failing to provide due process under these and similar circumstances.

31. Plaintiff has the right to the proper application of the aforementioned statutes, and the right to due process and to be compensated for a governmental taking under the Constitutions of Florida and the United States.

32. Defendant has the duty to properly administer the aforementioned statutes, and is required to provide Plaintiff with due process under the Constitutions of Florida and the United States before taking Plaintiff's property.

33. Defendant has an actual, present, adverse and antagonistic interest in the subject matter of the declaration because Defendant extorted money from Plaintiff, without providing due process, by demanding that Plaintiff pay money

that was not owed while at the same time refusing to provide utility services until the wrongful demand was met.

34. All people with adverse and antagonistic interests in the subject of this declaration are before the Court.

35. This declaration does not amount to mere legal advice. This is a matter of great importance because this problem happens frequently and a declaration will finally terminate the controversy and put an end to these issues.

### COUNT II - DECLARATORY JUDGMENT - 42 USC §1983

36. Plaintiff realleges the allegations made in paragraphs 23 - 35 as though fully set forth herein.

37. Plaintiff is entitled to relief under 42 USC §1983 because Defendant's conduct deprived Plaintiff of its rights under the fourth and fourteenth amendments to the United States Constitution.

### COUNT III - INJUNCTIVE RELIEF

38. Plaintiff realleges the allegations made in paragraphs 36 - 37 as though fully set forth herein.

39. Defendant denied Plaintiff the right to due process when it refused to provide an opportunity to be heard by a tribunal of competent jurisdiction regarding the refusal to provide service and the amount Defendant demanded for a release. The burden upon Defendant to provide a hearing is far outweighed by the

harm caused to the public when Defendant refuses to provide utility services based on unrecorded interests. Plaintiff requests a permanent injunction: 1) prohibiting Defendant and Defendant's agents, servants, employees, and attorneys, and any persons in active concert or participation with Defendant from demanding money from when Defendant does not properly record a lien with the Clerk of Court; 2) prohibiting Defendant from denying service to anyone without first providing the person with notice and an opportunity to be heard by a tribunal of competent jurisdiction; and 3) mandating Defendant to restore service to all people who have not been given notice and an opportunity to be heard.

40. Defendant violated the recording statutes and did harm to the Marketable Record Title Act when it required Plaintiff to pay money that was not based on an instrument that was recorded when Plaintiff purchased the Property. The burden upon Defendant to record its liens in compliance with state law is far outweighed by the harm caused to the public when Defendant demands money from purchasers of real estate, denies due process to people and refuses to provide utility services based on unrecorded interests. The Court should mandate that Defendant comply with Florida law by recording all liens with the Clerk of Court within 2 days of the date of the delinquency.

41. Defendant violated Sec. 180.135, Fla. Stat., when it refused to provide utility service to the Plaintiff based on amounts owed by a prior occupant, and

which were not recorded as a lien with the Clerk of Court. The Court should prohibit Plaintiff from refusing to provide utility service to purchasers of property for the nonpayment of service charges incurred by a former occupant, when those amounts were not recorded with the Clerk of Court as a lien. AGO 94-57.

42. There is no adequate remedy at law for the deprivation of due process.

43. Defendant regularly demands money from property owners, such as Plaintiff, and withholds utility services without a recorded lien and is likely to continue its wrongful conduct in the future, which would require a multiplicity of actions to obtain redress.

44. Unless and until enjoined by Order of this court, Defendant's violation of the recording statutes and Marketable Title Record Act, and the deprivation of people's right to due process will continue to cause irreparable harm in the future.

## COUNT IV - TEMPORARY INJUNCTION

45. Plaintiff realleges the allegations made in paragraphs 38 - 44 as though fully set forth herein.

46. Granting a temporary injunction is in the public interest because: 1) the rights to due process and to be free from unreasonable seizures are the most fundamental rights in our constitution; and 2) Defendant tramples upon these rights without giving people due process by constructively evicting people and by clouding the titles to their property.

47. Granting a temporary injunction is in the public interest because real estate purchasers rely on Florida's recording laws and Marketable Title Record Title Act to determine the interests in property and Defendant's actions are inconsistent with these laws.

48. Plaintiff has a clear right to relief and a substantial likelihood of success on the merits because the Florida Attorney General wrote an opinion directly on point stating that a municipal ordinance, which allows enforcement of a lien without recording it with the clerk of court, is in express conflict with Florida law and the Florida and United States Constitutions. AGO 94-57.

## COUNT V - UNJUST ENRICHMENT

49. Plaintiff realleges the allegations made in paragraphs 23 - 35 as though fully restated herein.

50. Plaintiff conferred a benefit upon Defendant when it paid the municipal lien.

51. Defendant accepted this benefit, despite the knowledge that the same was under protest and the status of the aforementioned statutes.

52. Under the circumstances of this matter, it would be inequitable for Defendant to retain said benefit.

## COUNT V - SLANDER OF TITLE

53. Plaintiff realleges the allegations made in paragraphs 1 - 22 as though fully set forth herein.

54. Defendant published a false statement that: 1) Plaintiff owed $2,429.15 for a release; 2) that it had a valid lien when it published the Second Lien.

55. Defendant had no right to assert a $2,429.15 lien or file the Second Lien.

56. Defendant was told that their demands were improper; however, it still required $2,429.15 for a release of lien.

57. Plaintiff has been damaged by Defendant's false claim of lien.

## COUNT VI - UNJUST TAKING

58. Plaintiff realleges the allegations made in paragraphs 36 - 37 as though fully set forth herein.

59. Defendant was acting under color of state law and caused damage to Plaintiff when it violated Plaintiff's constitutional rights by: 1) clouding Plaintiff's title by recording liens against Plaintiff's Property when Plaintiff had no account with Defendant; 2) clouding Plaintiff's title by demanding more than was owed pursuant to the First Lien for a release; and 3) refusing to provide utility services to the Property.

60. Defendant knew that if it filed a lien with the Clerk of Court then a cloud would be placed upon a person's title.  Defendant knew the consequences of its actions when it filed the Second Lien, and prevented Plaintiff from conveying its Property with clear title.

61. Defendant knew that if it made a demand for unrecorded liens during the sale of a property then a cloud would be placed upon a person's title.  Defendant knew the consequences of its actions when it asked for more than was permitted under the First Lien during the sale of Plaintiff's Property, and caused Plaintiff to pay more than was owed.

62. Defendant knew that if it refused to provide utility services then a property would become uninhabitable, and would constitute a constructive eviction.  Defendant knew the consequences of its actions when it refused to provide utility services to Plaintiff's Property, and caused: 1) Plaintiff to be constructively evicted from the Property; 2) damage and deterioration to occur on the Property; and 3) Plaintiff to be unable to repair or mitigate any damage.

63. Defendant owes just compensation to Plaintiff the damages caused by Defendant's unconstitutional actions.

64. At all times material hereto Defendant acted willfully, wantonly, and maliciously as to Plaintiff's constitutional rights for the purpose of pecuniary gain.

WHEREFORE, Plaintiff demands a declaration of rights, an injunction, damages, punitive damages upon proper motion with the Court, special damages, attorney's fees, and costs, as well as pre and post-judgment interest, and for any and all other relief this court deems just, equitable and fair under the circumstances, including but not limited to the Court entering an Order:

A. To declare the rights under Florida law and the Constitutions of Florida and the United States as they relate between the parties;

B. For a temporary mandatory and prohibitory injunction until Plaintiff's right to a permanent injunction is determined;

C. For a permanent mandatory and prohibitory injunction on final trial;

D. For reasonable attorney's fees and costs of suit incurred in this action;

E. For actual damages for Defendant's unconstitutional actions;

F. For special damages in the form of attorney's fees expended by Plaintiff to handle Defendant's wrongful demands before litigation was required; and

G. For such additional and for such other and further relief as justice and equity may require.

I HEREBY CERTIFY that on the 1 day of December 2022 a true and correct copy of the foregoing was served by e-mail or US Mail: Jessica C Conner, Esq., Jessica.Conner@drml-law.com; DianaW@drml-law.com; Bryant H.Dunivan, Esq.,

Bryant@theconsumerprotectionattorney.com;

eservice@theconsumerprotectionattorney.com.

/s/ **John M. Iriye**
John M. Iriye
Fla. Bar No. 129674
1020 Spring Villas Point
Winter Springs, Florida 32708
407-542-7800 – Phone
Attorney@CentralFloridaAttorney.net
Contact@CentralFloridaAttorney.net
Co-Counsel for Plaintiff

## CITY OF MELBOURNE, FLORIDA
## NOTICE OF WATER, SEWER AND REFUSE SERVICE LIEN

NOTICE IS HEREBY GIVEN that the City of Melbourne, Florida holds lien, pursuant to the provision of Florida Statute Chapter 159.17 and 159.18, against the following described property (ies) for the amount (s) set opposite each said parcel:

**DESCRIPTION OF PROPERTY**
**PARCEL ID: 27-37-08-03-*-52**
**SITE ADDRESS: 2908 MADERIA CIR**

**UTILITY ACCOUNT #: 138355-192085**

| | |
|---|---|
| Amount: | $290.67 |
| Administrative Fee: | 25.00 |
| Recording Fees: | 25.00 |
| TOTAL: | $340.67 |

LOIS M SEARCH
2908 MADERIA CIR
MELBOURNE, FL 32935
**MAILING ADDRESS**
SAME AS ABOVE

CITY OF MELBOURNE
COUNTY OF BREVARD
STATE OF FLORIDA

I, Cathleen A. Wysor, the duly qualified City Clerk of The City of Melbourne, Florida, do hereby certify that the above liens claimed against the above-described property (ies) are as reflected on the water sewer and refuse lien records of the City of Melbourne, Florida.

IN WITNESS WHEREOF, I have hereunto set my hand and seal of said City this _____ day of _____, 2018.

OCT 0 4 2018

Cathleen A. Wysor
City Clerk

Prepared by:
Mary Nance
City of Melbourne
900 E Strawbridge Ave
Melbourne, Florida 32901

# Exhibit A

IN THE COUNTY COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT OF FLORIDA, IN AND FOR BREVARD COUNTY, FLORIDA

05-2020-CC-010593-XXXX-XX

MONACO ESTATES HOMEOWNERS
ASSOCIATION, INC,
    Plaintiff

VS.

HEIRS and DEVISEES OF LOIS M SEARCH, Deceased,
UNKNOWN SPOUSE OF LOIS M SEARCH, Deceased,
JOHN DOE and JANE DOE, fictitious names for any unknown tenants,

    Defendant(s),
_____/

### CERTIFICATE OF TITLE

FILED IN TVL
CLERK OF CIR. CT.
BREVARD CO. FL.
2021 MAR 23 A 10: 0
RACHEL M. SADOFF

The undersigned Clerk of Court certifies that he/she executed and filed a Certificate of Sale in this action on March 10th 2021 for the property described herein and no objections to the sale have been filed in the time allowed for filing objections.

The following property in Brevard County, Florida.

**Lot 52, Monaco Estates Phase One, according to the map or plat thereof, as recorded in Plat Book 43, Page(s) 58 and 59, of the Public Records of Brevard County, Florida.**

WAS SOLD TO

TRSTE, LLC as Trustee of Brevard County Maderia 2908 Land Trust with full powers under FS 689.071 to sell, encumber, and convey the property
PO Box 470549
Kissimmee, FL 34747

Witness my hand and seal of the Court on March 23, 2021 as Clerk of the Circuit Court.

RACHEL M. SADOFF, CLERK
BREVARD COUNTY, FLORIDA

By: __Brandi Barton__
Deputy Clerk

Brandi Barton

Exhibit B

Case # 05-2020-CC-010593-XXXX-XX
Document Page # 54
*33210122*

Return To:
Office of City Clerk

C 900 East Strawbridge Ave
Melbourne, FL 32901

Prepared By:
Yenitza Ortiz

900 East Strawbridge Ave
Melbourne, FL 32901

## CITY OF MELBOURNE, FLORIDA
## NOTICE OF WATER, SEWER AND REFUSE SERVICE LIEN

NOTICE IS HEREBY GIVEN that the City of Melbourne, Florida holds lien, pursuant to the provision of Florida Statute Chapter 159.17 and 159.18, against the following described property (ies) for the amount (s) set opposite each said parcel:

**DESCRIPTION OF PROPERTY**
**PARCEL ID: 27-37-08-03-*-52**
**SITE ADDRESS: 2908 MADERIA CIR**

**UTILITY ACCOUNT #: 138355-406138**

| | |
|---|---|
| Amount: | $305.53 |
| Administrative Fee: | 25.00 |
| Recording Fees: | 25.00 |
| TOTAL: | $355.53 |

BREVARD COUNTY MADERIA 2908 LAND TRUST
2908 MADERIA CIR
MELBOURNE, FL 32935
**MAILING ADDRESS**
1110 RUSH CT
CELEBRATION, FL 34747

CITY OF MELBOURNE
COUNTY OF BREVARD
STATE OF FLORIDA

The undersigned, as duly qualified City Clerk or Assistant City Clerk of The City of Melbourne, Florida, does hereby certify that the above lien claimed against the above-described property is as reflected on the water sewer and refuse lien records of the City of Melbourne, Florida

IN WITNESS WHEREOF, I have hereunto set my hand and seal of said City this DEC 1 0 2021 day of _____, 2021.

Kevin McKeown, City Clerk
Or
Meighan J. Alexander, Assistant City Clerk

## Exhibit C